[Dkt. No. 100]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

_____
                             :
UNITED STATES OF AMERICA,    :
                             :
        v.                   : Crim. No. 15-524 (RMB)
                             :
EFRAIM RIVERA                : **OPINION**
_____ :

This matter comes before the Court upon Defendant Efraim Rivera's Motion to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (compassionate release). Dkt. No. 100. Defendant is currently serving his sentence at FCI Schuylkill with an estimated release date of April 23, 2024 (a home detention date of October 23, 2023).

On October 6, 2015, Defendant pled guilty to conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846. The evidence demonstrates that over a period of several months, Defendant actively engaged selling and distributing quantities of cocaine and crack cocaine on a daily basis. The Court sentenced Defendant to 84 months imprisonment and three years of supervised release.

On March 17, 2021, Defendant filed his motion for compassionate release from prison based on the fear of contracting COVID-19. He alleges that his life is endangered by

1

COVID-19 due to his obesity, high blood pressure, asthma, history of tobacco use, hyper triglyceridemia, and prediabetes. The Government responds that Defendant does not satisfy the "extraordinary and compelling" standard for release.

**DISCUSSION**

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence.

This Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020). This is a statutory requirement that this Court may not waive. See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016). There is no

2

disagreement that Defendant has exhausted his administrative remedies. The Court, thus, turns to the merits.

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, once the exhaustion requirement has been satisfied as it has here, grant a defendant's motion to reduce his term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Government concedes that because Defendant appears to have a BMI in excess of 30, he is in a high risk category and therefore presents an extraordinary and compelling reason to allow this Court to reduce the sentence. The Government, however, opposes a reduction of sentence because (1) the BOP is treating Defendant's condition, (2) the BOP has taken measures to protect the inmate population and (3) the Section 3553(a) factors do not support a reduction.

The Court agrees with the Government. First, the Government has introduced evidence of the steps that the BOP is

3

taking to mitigate the spread of the virus.  See Dkt. No. 101, at 4-7.  These include the administration of vaccines.  These measures appear to be working.  According to the BOP's website, as of this Opinion, there is one positive inmate and no positive staff cases.[1]  Moreover, there is nothing before the Court to indicate that Defendant's medical conditions are not being addressed; indeed, the record shows otherwise.

The Court also finds that Defendant has failed to demonstrate that he merits release under the § 3553(a) factors.  Under the applicable policy statement, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis.  See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

A sentence reduction here would be inconsistent with the § 3553(a) factors.  First, a reduction would fail to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense."  18 U.S.C. § 3553(a).  The crimes for which the Defendant was convicted were serious and violent crimes.  Defendant participated in a dangerous drug trafficking ring, serving as one of its leaders.

The "history and characteristics of the defendant" and the need to protect the public also counsel against any sentencing

---

[1] https://www.bop.gov/coronavirus

4

reduction. As the Government points out, Defendant, with a long criminal record, has spent the vast majority of his life selling drugs. The Government has also introduced the BOP's classification of Defendant as having a high risk of recidivism. For similar reasons, the need for deterrence and the need to punish the Defendant also weigh against reducing Defendant's sentence. Given the significant time remaining on the Defendant's sentence, this Court cannot find that the §3553(a) factors warrant his release. Rather, they counsel in favor of continued incarceration.

The Motion is therefore DENIED.

                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              United States District Judge

Dated: April 21, 2021